# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD H. WILSENACH,<br><br>                             Plaintiff,<br>  vs.<br>CAPITAL ONE BANK USA,<br><br>                            Defendant. | **CASE NO. 09-CV-01446-H (BLM)**<br><br>**ORDER GRANTING DEFENDANT CAPITAL ONE BANK'S MOTION TO DISMISS** |

      On July 2, 2009, Defendant Capital One Bank (USA), N.A. ("Capital One") removed this action from the Superior Court of California, in and for the County of San Diego. (Doc. No. 1.) On July 10, 2009, Capital One filed a motion to dismiss Plaintiff Gerald Wilsenach's complaint pursuant to Fed. R. Civ. Pro. 12(b)(6). (Doc. No. 4.) Plaintiff did not file a response in opposition to the motion to dismiss.

      The Court, pursuant to Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits it on the papers. For the reasons set forth below, the Court grants Defendant Capital One's motion to dismiss.

## Background

      On March 16, 2009, Plaintiff, proceeding pro se, filed a small claims complaint in state court alleging causes of action against Capital One for violation of the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq., and the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (Doc. No. 1, Ex. A.) Plaintiff seeks removal of a

derogatory mark on his credit report. (Id.) Plaintiff alleges that he has exhausted all administrative remedies, including written disputes with the creditors and credit reporting agencies, and that Plaintiff has never paid the named Defendant late. (Id.) Plaintiff alleges that he has made prior attempts to request that Defendant remove the derogatory remark, but that all attempts have been ignored by Capital One. (Id.)

Capital One seeks dismissal of Plaintiff's complaint for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6). (Doc. No. 4.) Capital One argues that the complaint states only legal conclusions and fails to offer any facts supporting Plaintiff's allegations of Capital One's wrongdoing. (Id.)

## Discussion

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 731 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting id. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to

plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir.1996); see also Twombly, 127 S.Ct. at 1964–65.

The Court concludes that Plaintiff's complaint fails to provide the grounds for his entitlement to relief under either the Rosenthal Act or the Fair Credit Reporting Act. Plaintiff pleads in a conclusory fashion that there is a "derogatory mark" on his credit report and that he has exhausted all administrative remedies, without providing factual enhancement to make Plaintiff's right to relief rise above a speculative level. Plaintiff has alleged no facts to support his conclusory allegations that Capital One breached its duties under the Rosenthal Act and Fair Credit Reporting Act. Accordingly, the Court grants Capital One's motion to dismiss the complaint with leave to amend.

## **Conclusion**

For the reasons set forth above, the Court GRANTS WITH LEAVE TO AMEND Defendant Capital One's motion to dismiss the complaint. Plaintiff may file an amended complaint within 30 days of the date of this order.

**IT IS SO ORDERED.**

DATED: August 14, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT